USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/27/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **TAYLOR PRECISION PRODUCTS, INC.,** | |
| **Plaintiff,** | |
| -against- | 15-cv-04428 (ALC) |
| **THE LARIMER GROUP, INC., F/K/A METROKANE, INC. ET AL.,** | <u>**OPINION AND ORDER**</u> |
| **Defendants.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Taylor Precision Products, Inc. ("Plaintiff") bring this motion for an award of interest against Defendants The Larimer Group, Inc., f/k/a Metrokane, Inc., Joel Grossman, and Riki Kane ("Defendants") for pre- and post-judgment interest on this Court's prior award of damages for Defendants' breach of contract, willful misconduct, and gross negligence. For the reasons stated below, Plaintiff's motion for pre- and post-judgment interest is **GRANTED**.

## BACKGROUND

Following a bench trial as well as briefing on the issue of damages, this Court concluded that Defendants were liable to Plaintiff for their failure to disclose certain substantial business relations when required to do so under the Parties' Asset Purchase Agreement to the tune of $4,482,208.50. *See* ECF Nos. 175 at 23, 181 at 1. The Court's prior adjudication was silent as to whether the damages also contained an award of pre- and/or post-judgment interest.

The governing Asset Purchase Agreement mandated that $5,500,000 be placed into an interest-bearing escrow account at closing with Citibank N.A. acting as escrow agent. $4,500,000 of the escrow funds were allocated as "Indemnity Escrow Funds." Plaintiff Taylor independently elected to deposit the escrow funds into a non-interest bearing account ostensibly to save on escrow agent fees. Following closing, the Parties agreed to withdraw approximately

$2,500,000 of the escrow funds and pay them to Taylor as a capital adjustment, thereby leaving approximately $3,000,000 in escrow to this day.

## STANDARD OF REVIEW

Motions for application of prejudgment interest are generally governed by Rule 59(e). *Goodman v. Heublein, Inc.*, 682 F.2d 44, 45 (2d Cir. 1982). A party seeking "to alter or amend a judgment" must move for such alteration or amendment within twenty-eight days of entry of judgment. Fed. R. Civ. P. 59. Whereas the allocation of post-judgment interest in such cases is governed by 28 U.S.C. § 1961, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004), prejudgment interest is awarded in diversity jurisdiction cases only where provided for by the state substantive law. *JVM Holdings LLC v. iAERO Grp. HoldCo 3 LLC*, No. 22 CV 6098 (RWL), 2023 WL 1809369, at *4 (S.D.N.Y. Jan. 26, 2023), *report and recommendation adopted*, No. 22 CV 6098 (RWL), 2023 WL 3852400 (S.D.N.Y. June 6, 2023).

CPLR § 5001 provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." *See also id.* at (b) (calculating prejudgment interest "from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred"); CPLR § 5004 (setting a nine percent prejudgment interest rate for such claims). The Second Circuit has also interpreted CPLR § 5001's language as to the loss of property applies in instances where a defendant commits "tortious actions resulting in the loss of plaintiff's" money or damage to pecuniary interest in tangible or intangible property. *Mallis v. Bankers Trust Company*, 717 F.2d 683 (2d Cir. 1983). Prejudgment interest must also "be computed from the earliest ascertainable

date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." CPLR § 5001(b).

28 U.S.C. § 1961 mandates the award of post-judgment interest "on any money judgment in a civil case recovered in a district court" and sets the appropriate rate of interest to be applied thereto.

## DISCUSSION

Defendants agree that Plaintiff is due an award of post-judgment interest at the applicable Federal rate for the entirety of the damages award but maintain that prejudgment interest ought only to be applied to the non-escrow fund portion of the damages award. Defendants advance two primary arguments as to why prejudgment interest ought not be applied to the approximately $3,000,000 in damages corresponding to the funds presently held in escrow.

Defendants first argue that prejudgment interest ought not be awarded because they had no greater use of the funds than Plaintiff. Defendants rely primarily on language from *Manufacturer's & Traders Tr. Co. v. Reliance Ins. Co.*, 8 N.Y.3d 583, 838 N.Y.S.2d 806, 870 N.E.2d 124 (2007), an interpleader action brought by an escrow agent seeking the proper disposition of escrowed funds as against the parties. The *Reliance* Court ultimately declined to award prejudgment interest because there was no "sum awarded" upon which prejudgment interest could be applied and because neither party had greater usage of the funds than the other while said funds were in escrow. The instant case is rather dissimilar from *Reliance* and its progeny as here, there was a substantial sum awarded against the Defendants. What's more, the "more fundamental" issue undergirding the *Reliance* decision was that the impleaded parties against whom an award of interest was being sought "ha[d] not been found to have breached any contract or to have interfered unlawfully with the possession of enjoyment of any property." *Id.*

at 583. As this Court has stated previously, Defendants did breach the Asset Purchase Agreement and tortiously interfered with Plaintiff's interest in the pecuniary property. In addition to the fact that Defendants' argument does not square with the logic of *Reliance*, the prospective rule as to prejudgment interest Defendants advocate for proves far too much. To bar prejudgment interest in a breach of contract and tort action simply because some funds were placed in escrow when CPLR § 5001 explicitly mandates the grant of such interest would impermissibly and unreasonably limit the statute's applicability.

Defendants' second argument that prejudgment interest ought not be awarded on the escrow funds because Plaintiff made the decision to place the escrow funds into a non-interest bearing account is without merit. Setting aside the fact that Defendants provide no case law or statute supporting their view, this Court can find no equitable reason to draw such a line in the sand.

## CONCLUSION

Plaintiff's motion for prejudgment interest at a rate of 9% per annum calculated from the closing date pursuant to state law as well as post-judgment interest at the federal rate is hereby **GRANTED**.

**SO ORDERED.**

Dated:   **August 27, 2024**
         **New York, New York**

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**